Bennett D. Krasner (BK-8375)
Bennett D. Krasner, Esq.
1233 Beech Street #49
Atlantic Beach, NY 11509
Tel. (516) 889-9353

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JENNIFER PERDOMO,                                :

        Plaintiff,                           :         Civil Action No. 08 CV 00919 (JGK)
-v-
                                                          :

FEDERAL JEANS, INC., and
YORAM MOUSSAIEFF, in his official    :         **ANSWER**
and individual capacities,
                                                          :
        Defendants.
--------------------------------------------------------X

        Defendant, Federal Jeans, Inc., ("Federal Jeans") by its attorney, Bennett D. Krasner, for its Answer to the Complaint, alleges, upon information and belief, as follows:

## NATURE OF THE CLAIMS

        FIRST: Denies each and every allegation set forth in ¶1 of the Complaint except admits that the Complaint purports to allege that the within action is for declaratory, injunctive and equitable relief as well as monetary damages.

        SECOND: Denies each and every allegation contained in ¶2 of the Complaint.

        THIRD: Denies each and every allegation contained in ¶3 of the Complaint.

## JURISDICTION AND VENUE

        FOURTH: Admits that it is alleged in ¶4 of the Complaint that jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§1331 and 1343, and §1367 (a) and the doctrine of pendent jurisdiction.

FIFTH: Admits that it is alleged in ¶5 of the Complaint that venue is appropriate as Defendant's, Federal Jeans', has offices located in the Southern District of New York and the acts complained of occurred within the Southern District of New York.

## PARTIES

SIXTH: Denies knowledge or information sufficient to form a belief with respect to the trust of the allegations contained in ¶6 of the Complaint with respect to Plaintiff's age and residence except admits that Plaintiff was employed by Defendant, Federal Jeans, and denies the remaining allegations in their entirety. Defendant respectfully refers all questions of law to the Court.

SEVENTH: Denies the allegations contained in ¶7 of the Complaint except admits that Defendant, Federal Jeans, is a New York corporation having a place of business at 1385 Broadway, New York, NY 10018 and respectfully refers all questions of law to the Court.

EIGHTH: Denies each and every allegation contained in ¶8 of the Complaint.

## PROCEDURAL REQUIREMENTS

NINTH: Denies each and every allegation contained in ¶9 of the Complaint except admits that Plaintiff filed charges of discrimination ("Charges") on or about January 30, 2007 and the EEOC issued a Dismissal and Notice of Rights ("Notice") on or about November 29, 2007, more than 180 days after the Charges were filed. Defendant denies knowledge or information sufficient to form a belief as to whether Plaintiff received the Notice. Defendant respectfully refers all questions of law to the Court.

TENTH: Denies knowledge or information sufficient to form a belief as to whether Plaintiff served a copy of the Complaint on the New York City Commission on Human Rights

and the Office of the Corporation Counsel of the City of New York, as alleged in ¶10 of the Complaint. Defendant respectfully refers all questions of law to the Court.

ELEVENTH: Denies knowledge or information sufficient to form a belief as to truth of the allegations contained in ¶11 of the Complaint. Defendant respectfully refers all questions of law to the Court.

## FACTUAL ALLEGATIONS

TWELFTH: Denies knowledge or information sufficient to form a belief as to truth of the allegations contained in ¶12 of the Complaint.

THIRTEENTH: Denies each and every allegation contained in ¶13 of the Complaint, except admits that Plaintiff was employed by Defendant, Federal Jeans.

FOURTEENTH: Denies each and every allegation contained in ¶14 of the Complaint.

FIFTEENTH: Denies each and every allegation contained in ¶15 of the Complaint.

SIXTEENTH: Denies each and every allegation contained in ¶16 of the Complaint.

SEVENTEENTH: Denies each and every allegation contained in ¶17 of the Complaint.

EIGHTEENTH: Denies each and every allegation contained in ¶18 of the Complaint and avers that Plaintiff never complained nor did she report the alleged conduct to Defendant's President and principal, Mr. Ben Yosef, until the day Plaintiff baselessly resigned her employment in the absence of cause and prior to the effectuation of an investigation thereby denying Defendant the opportunity to investigate.

NINETEENTH: Denies each and every allegation contained in ¶19 of the Complaint.

TWENTIETH: Denies each and every allegation contained in ¶20 of the Complaint.

TWENTY-FIRST: Denies each and every allegation contained in ¶21 of the Complaint.

TWENTY-SECOND: Denies each and every allegation contained in ¶22 of the Complaint.

TWENTY-THIRD: Denies each and every allegation contained in ¶23 of the Complaint.

TWENTY-FOURTH: Denies each and every allegation contained in ¶24 of the Complaint.

TWENTY-FIFTH: Denies each and every allegation contained in ¶25 of the Complaint.

TWENTY-SIXTH: Denies each and every allegation contained in ¶26 of the Complaint and avers that Plaintiff voluntarily resigned based upon allegations of an isolated incident.

TWENTY-SEVENTH: Denies each and every allegation contained in ¶27 of the Complaint

TWENTY-EIGHTH: Denies each and every allegation contained in ¶28 of the Complaint.

TWENTY-NINTH: Denies each and every allegation contained in ¶29 of the Complaint.

THIRTIETH: Denies each and every allegation contained in ¶30 of the Complaint and avers that Plaintiff voluntarily resigned her employment despite the fact that Defendant's principal, Mr. Ben Yosef, told her he wanted her to remain gainfully employed with Defendant.

THIRTY-FIRST: Denies each and every allegation contained in ¶31 of the Complaint.

THIRTY-SECOND: Denies each and every allegation contained in ¶32 of the Complaint.

THIRTY-THIRD: Denies each and every allegation contained in ¶33 of the Complaint.

THIRTY-FOURTH: Denies each and every allegation contained in ¶34 of the Complaint.

THIRTY-FIFTH: Denies each and every allegation contained in ¶35 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

**(Discrimination and Harassment in Violation of Title VII)**

THIRTY-SIXTH: Defendant responds to the allegations incorporated by reference in ¶36 of the Complaint as previously set forth herein with respect to the individual paragraphs.

THIRTY-SEVENTH: Denies each and every allegation contained in ¶37 of the Complaint.

THIRTY-EIGHTH: Denies each and every allegation contained in ¶38 of the Complaint.

THIRTY-NINTH: Denies each and every allegation contained in ¶39 of the Complaint.

FORTIETH: Denies each and every allegation contained in ¶40 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

**(Discrimination and Harassment in Violation of
New York State Human Rights Law)**

FORTY-FIRST: Defendant responds to the allegations incorporated by reference in ¶41 of the Complaint as previously set forth herein with respect to the individual paragraphs.

FORTY-SECOND: Denies each and every allegation contained in ¶42 of the Complaint.

FORTY-THIRD: Denies each and every allegation contained in ¶43 of the Complaint.

FORTY-FOURTH: Denies each and every allegation contained in ¶44 of the Complaint.

FORTY-FIFTH: Denies each and every allegation contained in ¶45 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

**(Aiding and Abetting Violations of
New York State Human Rights Law)**

FORTY-SIXTH: Defendant responds to the allegations incorporated by reference in ¶46 of the Complaint as previously set forth herein with respect to the individual paragraphs.

FORTY-SEVENTH: Denies each and every allegation contained in ¶47 of the Complaint.

FORTY- EIGHTH: Denies each and every allegation contained in ¶48 of the Complaint.

FORTY-NINTH: Denies each and every allegation contained in ¶49 of the Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (Discrimination and Harassment in Violation of New York City Human Rights Law)

FIFTIETH: Defendant responds to the allegations incorporated by reference in ¶50 of the Complaint as previously set forth herein with respect to the individual paragraphs.

FIFTY-FIRST: Denies each and every allegation contained in ¶51 of the Complaint.

FIFTY-SECOND: Denies each and every allegation contained in ¶52 of the Complaint.

FIFTY-THIRD: Denies each and every allegation contained in ¶53 of the Complaint.

FIFTY-FOURTH: Denies each and every allegation contained in ¶54 of the Complaint.

FIFTY-FIFTH: Denies each and every allegation contained in ¶55 of the Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION

### (Aiding and Abetting Violations of New York City Human Rights Law)

FIFTY-SIXTH: Defendant responds to the allegations incorporated by reference in ¶56 of the Complaint as previously set forth herein with respect to the individual paragraphs.

FIFTY-SEVENTH: Denies each and every allegation contained in ¶57 of the Complaint.

FIFTY-EIGHTH: Denies each and every allegation contained in ¶58 of the Complaint.

FIFTY-NINTH: Denies each and every allegation contained in ¶59 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SIXTIETH: Plaintiff's Complaint and each and every cause of action contained therein,

fails to state a claim against Defendant, Federal Jeans, upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

SIXTY-FIRST: Plaintiff's Complaint and each and every cause of action contained therein, fails to state a claim against Defendant, Federal Jeans, upon which relief can be granted, because *inter alia*, Plaintiff voluntarily left Defendant's employ.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

SIXTY-SECOND: Plaintiff's Complaint and each and every cause of action contained therein, fails to state a claim against Defendant, Federal Jeans, upon which relief can be granted, because *inter alia*, Plaintiff failed to bring the alleged harassment to the attention of the Defendant, Federal Jeans, until the day she baselessly resigned her employment in the absence of cause and without affording Defendant the opportunity to investigate.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

SIXTY-THIRD: Plaintiff's claims are barred, in whole or in part, by the statute of limitations and the doctrine of equitable estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

SIXTY-FOURTH: Plaintiff's claims are barred, in whole or in part, by New York Workers' Compensation Law, which constitutes Plaintiff's sole and exclusive remedy.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

SIXTY-FIFTH: Plaintiff's Complaint and each and every cause of action contained therein, fails to state a claim against Defendant, Federal Jeans, upon which relief can be granted, because *inter alia*, Plaintiff has failed to allege facts sufficient to support a claim of intolerable working conditions.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

SIXTY-SIXTH: Plaintiff claims are barred, in whole or in part, based on Plaintiff's failure to mitigate damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

SIXTY-SEVENTH: Plaintiff unreasonably failed to report the acts complained of in the Complaint to Defendant's principal and therefore Defendant was not given the opportunity to investigate and correct any prohibited behavior alleged in the Complaint.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

SIXTY-EIGHTH: Plaintiff voluntarily resigned her employment with Defendant and there were no tangible employment actions taken against Plaintiff.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

SIXTY-NINTH: Plaintiff's Complaint and each and every cause of action contained therein, fails to state a claim against Defendant, Federal Jeans, upon which relief can be granted, because *inter alia*, Defendant had a reasonable policy against harassment and an open door policy to report prohibited conduct to Defendant's principal.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

SEVENTIETH: Plaintiff's Complaint fails to state a claim upon which punitive or exemplary damages may be awarded.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

SEVENTY-FIRST: This Court lacks subject matter jurisdiction with respect to some or all of Plaintiff's alleged claims because Plaintiff has failed to fully perform the requisite statutory conditions precedent to a private cause of action.

WHEREFORE, Defendant, Federal Jeans, demands judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, including reasonable attorneys' fees.

Dated: Atlantic Beach, New York
April 1, 2008

*Bennett D Krasner*
**BENNETT D. KRASNER, ESQ.** (BK-8375)
*Attorney for Defendant, Federal Jeans, Inc.*
1233 Beech Street #49
Atlantic Beach, NY 11509
Tel. (516) 889-9353

To:
**DOUGLAS H. WIGDOR, ESQ.** (DW-9737)
**THOMPSON WIGDOR & GILLY LLP**
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 5720
New York, NY 10118
Tel. (212) 239-9292
Fax (212) 239-9001

**YORAM MOUSSAIEFF**
*Defendant, Pro se*
81-21 Kent Street
Jamaica Estates, NY 11432
Tel. (917) 579-7977